(Nos. 77-CC-0588 & 77-CC-0587, Consolidated—)

SOLLY S. VACCARO and FRED PETERS, Claimants, v. STATE OF ILLINOIS, Respondent.

*Opinion filed March 2, 1979.*

MICHAEL J. WALLACE, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; PAUL M. SENGPIEHL, Assistant Attorney General, for Respondent.

Polos, C.J.

These consolidated cases raise the issue of when a State employee may receive additional back pay, where he has been illegally laid off and assigned to a position at reduced pay.

The facts are essentially undisputed. On March 4, 1975, Claimants were employed by the State of Illinois, Department of Transportation, as Highway Maintenance Lead Workers. This was a supervisory position, and they had been so employed for several years. On March 4, 1975, they were both given written notices of a layoff.

Approximately two weeks later, they were called to a meeting at the offices of the Department of Transportation and were given a choice of either accepting a lower classified job with a cut in pay, or being laid off. Both Claimants signed a form agreeing to a voluntary reduction in job classification.

Claimants immediately thereafter protested the layoffs, and upon investigation, it was determined that rules pertaining to layoffs had been violated by the Department of Transportation. Claimants filed complaints with the Civil Service Commission, alleging that the layoffs and their subsequent voluntary reductions were improper.

An investigation by the staff of the Civil Service Commission found that Claimants had been selected for layoffs on the basis of improperly prepared performance evaluations, and that if proper performance evaluations had been utilized, neither Claimant would have been laid off.

The Department of Transportation and the Department of Personnel then entered into a stipulation

and agreement with the Claimants wherein the departments, "desiring to correct the erroneous selection of Mr. Peters and Mr. Vaccaro" agreed "to make Mr. Peters and Mr. Vaccaro whole for all loss suffered while the inequity existed." The departments agreed to reinstate Claimants to their former positions with full retroactive seniority and agreed "that Mr. Peters and Mr. Vaccaro shall be entitled to the difference between the rates of pay of a Highway Maintenance Lead Worker at EPV and the titles they held from March 16, 1975, to August 31, 1976."

The Civil Service Commission formally ratified the stipulation and agreement between the parties and the Claimants were restored to their former positions on September 1, 1978, and were advised by the Department of Transportation to pursue back pay in the Court of Claims.

During the period March 16, 1975, to August 31, 1976, both Claimants worked as Highway Maintainers and were paid in full by the State for that work. While his complaint was pending before the Civil Service Commission, Claimant Peters passed a Civil Service examination for Heavy Equipment Operator and performed in that position until August 31, 1976. The pay for the positions of Highway Maintainer and Heavy Equipment Operator is substantially less than that of Highway Maintenance Lead Workers.

In the case of Claimant Vaccaro, the difference in pay amounted to $2,905.00. For Claimant Peters, the difference in pay was $2,014.00.

It is the State's position that payment of these sums is barred by Ill. Rev. Stat., Ch. 127, Sec. 145. Respondent argues that by virtue of that statute, there cannot be additional payment for work already per-

formed, and as Claimants have been fully paid for their work during the period in question, they cannot receive additional compensation.

We cannot agree with the contention of the Respondent.

Ill. Rev. Stat., Ch. 127, Sec. 145 provides:

"Amounts paid from appropriations for personal services of any officer or employee of the State, either temporary or regular, shall be considered as full payment for all services rendered between the dates specified in the payroll or other voucher and no additional sum shall be paid to such officer or employee from any lump sum appropriation, for extra help or other purpose or any accumulated balances in specific appropriations, which payments would constitute in fact an additional payment for work already performed and for which remuneration had already been made..."

In our view, the claims in this case do not constitute "additional payment for work already performed and for which remuneration has already been made."

The Claimants are not requesting additional payment for the work they performed. Rather they are requesting damages arising from the State's threat of an improper layoff.

Respondent argues, in a generally well researched brief, that the Court of Claims has a long history of denying additional retroactive back salary claims by reason of Sec. 145. However, none of the cases cited by Respondent involved a claim for retroactive pay by one illegally reduced in job classification or by one illegally laid off and illegally obliged to take a State job with lower pay. The cases cited are therefore not applicable to the facts in this case.

It seems clear to us that the Claimants in this case were illegally separated from their jobs. Had they not agreed to take jobs at reduced pay, and been laid off, there is no question, given the Civil Service Commission ruling, but that they would have been entitled to

retroactive pay for the period of the layoff. It is further clear that after the discharges, Claimants would have been required to mitigate their damages by attempting to obtain other employment. Claimant in effect mitigated their damages by taking lower paying jobs with the State, and they cannot be foreclosed from recovering the salary differential by virtue of that fact.

This Court has many times granted relief to Claimants who were found to have been unlawfully discharged, and this Court has many times granted retroactive pay in those instances. That the Civil Service Commission has the authority to reinstate persons unlawfully discharged cannot seriously be questioned.

The facts in this case are no different than in such cases, except for the use of a State job in mitigation rather than a job in the private sector. That difference does not subject the facts in this case to the rule of Section 145.

Therefore, Claimant, Fred Peters, is hereby awarded the sum of $2,014.00 and Claimant, Solly S. Vaccaro, is hereby awarded the sum of $2,905.00 as adjusted by the appropriate deductions and contributions for Federal and State taxes and F.I.C.A. and Retirement Fund.